FILED
2006 May-15 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANEL MANCERO-RAMIREZ, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Civil Action No.:   05-BE-2618-S |
| | ) |
| **CITY OF HOOVER, ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendant Judge Robert Cahill's Motion to Dismiss (doc. 5). For the reasons set forth below, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

As appropriate for a Motion to Dismiss, the court construes the following allegations as true and views them in the light most favorable to Plaintiff:

Plaintiff Anel Mancera-Ramirez is a Mexican citizen, who does not speak or understand English. At the time relevant to this lawsuit, she resided in Vestavia Hills, Jefferson County, Alabama. The class she proposes to represent is comprised of Hispanic immigrants to the United States and the State of Alabama.

Defendant Judge Robert E Cahill is an elected judge of the District Court of Jefferson County, Alabama. He is a resident of Homewood, Jefferson County, Alabama.

According to the allegations in the Amended Complaint, on or about May 31, 2005, Plaintiff was involved in a minor traffic accident in the City of Hoover. The Hoover Police

Department responded to the scene and requested Plaintiff's identification. When Plaintiff produced identification, a police officer forcibly took her purse and wallet from her, and searched its contents. The officer then removed a card that he alleged was either false or forged, and arrested Plaintiff for possession of a forged instrument, second degree, which is offense a felony.

Plaintiff was transported to the Jefferson County Jail and placed under a "no bond" order signed by Defendant Cahill. She remained in jail for a period in excess of twenty days. Plaintiff eventually appeared before Judge Sheldon L. Watkins on June 21, 2005, who accepted her plea of guilty for the offense charged. Plaintiff was sentenced to time served, and was released to the Department of Immigration and Customs Enforcement on July 18, 2005. At the end of August, 2005, Plaintiff was transported across the border from Brownsville Texas to Matamoros, Mexico.

Plaintiff and the class she seeks to represent allege that Defendants City of Hoover, Chief of Police Nicholas Derzis, and Judge Cahill engaged in an unconstitutional scheme to rid the Hoover community of Hispanic immigrants. Plaintiffs allege that officers from the City of Hoover Police Department routinely stop and frisk Hispanic individuals to search for false documents. Once a Hispanic individual is arrested and appears before Judge Cahill, Plaintiffs allege that Judge Cahill routinely issues "no bond" orders without making any inquiry as to the individual's right to release on bond. Further, Plaintiffs allege that some of these orders are issued outside of Judge Cahill's jurisdiction because they apply to children as young as fourteen years old.

Faced with a "no bond" order signed by Judge Cahill, Plaintiffs aver that Defendants pressured them into pleading guilty. They claim that they and their family members were told that the only way to be released from jail was to plead guilty. Once they entered a guilty plea to

possession of a forged instrument, they were turned over to federal law enforcement authorities for deportation. Consequently, Plaintiffs allege that Defendants engaged in a conspiracy to deprive Plaintiffs of rights guaranteed by the Constitution of the United States as well as the Alabama Constitution of 1901.

**STANDARD OF REVIEW**

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36. Although the threshold is low, if a defendant claims immunity, the court must resolve the immunity issue at the earliest possible point in litigation. *See Hunter v. Bryan*, 502 U.S. 224, 227 (1991).

**DISCUSSION**

**I. Judicial immunity.**

Judge Cahill's Motion to Dismiss focuses on his claim of judicial immunity. With respect to judicial immunity, the United States Supreme Court has stated that

> [i]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 80 U.S. 335, 347 (1872).  For that reason, the Court determined that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id*. at 352.  More recently, the Supreme Court reiterated these principles in *Mireles v. Waco*, 502 U.S. 9 (1991), where it noted that judicial immunity is not overcome by allegations of bad faith or malice, and stated that "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error...or was in excess of his authority."  *Mireles*, 502 at 11-13; *see also Dennis v. Sparks et al.*, 449 U.S. 24, 27 (1980) (affirming dismissal of a judge from a § 1983 action even when the complaint alleged a corrupt conspiracy involving bribery of the judge); *Stump v. Sparkman*, 435 U.S, 349, 356-57 (1978) (a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")

    The Eleventh Circuit has further stated that

> [j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity *unless they acted in the clear absence of all jurisdiction*.  This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.

*Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005) (emphasis added); citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  Accordingly, a judge is immune from civil liability when he acts within his judicial capacity and jurisdiction, unless the plaintiff shows a "clear absence of

all jurisdiction."

The court finds that Judge Cahill is fully protected by judicial immunity. The acts of granting bail, denying bail, and issuing no-bond orders are normal judicial functions for an Alabama district court judge. *See* Ala. Code § 15-13-107 (1975). Moreover, Alabama district courts have original jurisdiction over felonies concurrent with the circuit court to (1) receive guilty pleas for felonies not punishable by death and (2) conduct preliminary hearings. *See* Ala. Code § 12-12-32. At best, the Amended Complaint avers that Judge Cahill exceeded his authority, which is a charge insufficient to counter a defense of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability *only* when he has acted in the *clear absence of all jurisdiction*") (emphasis added). In this case, Plaintiff has not alleged a clear absence of all jurisdiction for the issuance of no bond orders.

### II. Relief requested.

#### A. Monetary damages.

Judicial immunity bars any suit for money damages. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (when judicial immunity applies, "[j]udges are entitled to absolute judicial immunity from damages....") Accordingly, Judge Cahill is immune from suit for monetary damages.

#### B. Equitable relief.

Plaintiffs rely, in part, on the Supreme Court's holding in *Pulliam v. Allen*, 466 U.S. 522 (1984) for the proposition that a judge is not immune from § 1983 claims for injunctive relief.

5

However, neither party addressed the fact that subsequent to *Pulliam*, Congress enacted the Federal Courts Improvement Act of 1996, which amended § 1983. *See* Pub. L. No. 104-317, Title II, § 309c, 110 Stat. 3853. That amendment restored judicial immunity from suits brought under § 1983 for injunctive relief by inserting the following language into § 1983:

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted *unles*s a declaratory decree was violated *or* declaratory relief <u>was</u> unavailable.

*Id*. (emphasis added); *see also* 42 U.S.C. § 1983.

The Eleventh Circuit has since recognized that judicial immunity prevents claims for injunctive relief under § 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing the amended § 1983, affirming a Rule 12(b)(6) dismissal of claims on the basis of judicial immunity, and noting that "the 1996 amendment to § 1983 would limit the relief available to plaintiffs to declaratory relief"); *see also Kuhn v. Thompson*, 304 F. Supp. 2d 1313, (M.D. Ala. 2004) (granting motion to dismiss claims for injunctive relief under § 1983 on the basis judicial immunity pursuant to the 1996 amendment to § 1983). Because the Amended Complaint does not allege that a declaratory decree was violated or that declaratory relief was unavailable, the court finds that Judge Cahill has judicial immunity for the claims for equitable relief.

## CONCLUSION

The court finds that Judge Cahill has judicial immunity from the claims in Plaintiff's Amended Complaint. Accordingly, the court **ORDERS** that his Motion to Dismiss be **GRANTED** and that Judge Cahill be **DISMISSED with prejudice** from this case.

DONE and ORDERED this 15th day of May, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE