IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANEL MANCERO-RAMIREZ, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) LEAD CASE:     05-BE-2618-S |
| vs. | ) CONSOLIDATED WITH |
| | ) MEMBER CASE: 06-BE-0713-S |
| CITY OF HOOVER, ALABAMA, et al., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendants City of Hoover and Chief Nicholas Derzis' Renewed Motion to Dismiss (doc. 11). For the reasons set forth below, the court finds that the Motion is due to be **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to (1) the official capacity claims for monetary damages against Chief Derzis in Counts One through Seven; and (2) any claims for punitive damages against the City of Hoover. The Motion is **DENIED** as to all other claims.

### BACKGROUND

As appropriate for a Motion to Dismiss, the court construes the following allegations as true and views them in the light most favorable to Plaintiff:

Plaintiff Anel Mancera-Ramirez is a Mexican citizen, who does not speak or understand English. At the time relevant to this lawsuit, she resided in Vestavia Hills, Jefferson County, Alabama. The class she proposes to represent is comprised of Hispanic immigrants to the United States and the State of Alabama.

According to the allegations in the Amended Complaint, on or about May 31, 2005, Plaintiff was involved in a minor traffic accident in the City of Hoover. The Hoover Police Department responded to the scene and requested Plaintiff's identification. When Plaintiff produced identification, a police officer forcibly took her purse and wallet from her, and searched its contents. The officer then removed a card that he alleged was either false or forged, and arrested Plaintiff for possession of a forged instrument, second degree, which is a felony.

Plaintiff was transported to the Jefferson County Jail and placed under a "no bond" order.[1] She remained in jail for a period in excess of twenty days. Plaintiff eventually appeared before Judge Sheldon L. Watkins on June 21, 2005, who accepted her plea of guilty for the offense charged. Plaintiff was sentenced to time served, and was released to the Department of Immigration and Customs Enforcement on July 18, 2005. At the end of August, 2005, Plaintiff was transported across the border from Brownsville, Texas to Matamoros, Mexico.

Plaintiff and the class she seeks to represent allege that Defendants City of Hoover and Chief of Police Nicholas Derzis engaged in an unconstitutional scheme to rid the Hoover community of Hispanic immigrants. Plaintiffs allege that officers from the City of Hoover Police Department routinely stop and frisk Hispanic individuals to search for false documents. Once a Hispanic individual is arrested, Plaintiffs allege that Judge Cahill routinely issues "no bond" orders without making any inquiry as to the individual's right to release on bond.

Faced with a "no bond" order, Plaintiffs aver that Defendants pressured them into pleading guilty. They claim that they and their family members were told that the only way to be

---

[1]The "no bond" orders were allegedly signed by Judge Robert E. Cahill. On May 15, 2006, the court dismissed Judge Cahill from this lawsuit on the grounds of judicial immunity. *See* doc. 29.

released from jail was to plead guilty. Once they entered a guilty plea to possession of a forged instrument, they were turned over to federal law enforcement authorities for deportation. Consequently, Plaintiffs allege that Defendants engaged in a conspiracy to deprive Plaintiffs of rights guaranteed by the Constitution of the United States as well as the Alabama Constitution of 1901.

On May 15, 2006, the court consolidated this case with a similar case assigned to Judge Inge Johnson. Accordingly, this case (case number 05-2618) became the lead case and case number 06-713 became the member case. The only real differences in the cases are (1) the member case names four Hoover police officers as defendants; (2) the size of the proposed class in the member case is bigger; and (3) the criminal offense at issue in the member case is felony obstruction of justice, whereas in the lead case the criminal offense at issue is possession of a forged instrument.

This Memorandum Opinion only addresses the Renewed Motion to Dismiss (doc. 11) filed by Defendants City of Hoover and Chief Derzis in the lead case.

## STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be

proved consistent with the allegations of the complaint.  *See Id*. at 735.  "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief."  *Id*. at 735-36.  Although the threshold is low, if a defendant claims immunity, the court must resolve the immunity issue at the earliest possible point in litigation.  *See Hunter v. Bryan*, 502 U.S. 224, 227 (1991).

## DISCUSSION

Defendants request that the following claims be dismissed: (1) all claims against Chief Derzis in his official capacity; (2) the claims for injunctive relief against all Defendants; and (3) all claims for punitive damages against the City of Hoover.  This Opinion discusses each request separately.

**I. The claims asserted against Chief Derzis in his official capacity.**

Plaintiffs sue Chief Derzis individually and in his official capacity as Chief of Police for the City of Hoover.  Derzis contends that the official capacity claims asserted against him should be dismissed based on the dismissal of redundant defendants doctrine and the Eleventh Amendment.

In their Response brief, Plaintiffs state that the §§ 1983 and 1985 claims against Derzis in his official capacity seek declaratory and injunctive relief only.[2]  The court, therefore, finds that the official capacity claims for monetary damages against Derzis in Counts One through Seven of the Amended Complaint are abandoned and, therefore, due to be dismissed.  Accordingly, for

---

[2] "The §§ 1983 and 1985 claims against Chief Derzis in his <u>official</u> capacity claims seek declaratory and injunctive relief only."  Resp., p. 3 (emphasis in original).

relevant purposes, Derzis' redundant defendants and Eleventh Amendment arguments only apply to the official capacity claims for injunctive and declaratory relief in Counts One through Eleven, and the official capacity claims for monetary damages in Counts Eight through Eleven.

Derzis argues that the dismissal of redundant defendants doctrine mandates that all claims asserted against him in his official capacity are due to be dismissed because those claims are also asserted against the government agency employing him. In support of this argument, he cites *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991). In *Busby*, the Eleventh Circuit affirmed a directed verdict in favor of the individual defendants sued in their official capacities because the employer remained as a defendant. *Id*. at 776. This court agrees that *Busby* applies to this case, but finds that relying on *Busby* to dismiss Derzis in his official capacity is premature for this Motion to Dismiss because discovery and subsequent filings may determine that the City of Hoover should be dismissed from this lawsuit. If that were to happen, Derzis would not be a redundant defendant. Consequently, Derzis' Motion as to the redundant defendants doctrine should be **DENIED** at this stage.

Derzis also specifically references the Eleventh Amendment as a basis for dismissing the §1983 claims against him in his official capacity.[3] The Eleventh Amendment may shield state officials from suit for monetary damages. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment); *Cross v. State of Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995) (finding that the Eleventh Amendment prohibited a § 1983 claim for monetary damages against the state of Alabama and state officials

---

[3] Mot. to Dismiss, p. 3; Reply, pp. 1-2.

sued in their official capacity).  However, neither the Motion to Dismiss nor the Reply brief establish that, as Chief of Police for the *City* of Hoover, Derzis is accorded Eleventh Amendment protection as a *state* official.  *Cf. Parker v. Williams*, 862 F.2d 1471, 1475 (11th Cir. 1995) (establishing *county* sheriffs as state officials).  Moreover, Derzis does not contend that a successful lawsuit against him in his official capacity would result in damages being paid from the *state* treasury.  *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  In short, Derzis fails to establish that a municipal employee is afforded the same treatment as a state actor for Eleventh Amendment purposes.  Consequently, based on the submissions, the court cannot conclude that Derzis is a state actor protected by the Eleventh Amendment, and the Motion to Dismiss must be **DENIED** on this issue.[4]

### II. Plaintiffs' request for injunctive relief.

Paragraphs 1 through 8 of the Request for Relief Section in Plaintiff's Amended Complaint ask for the following:

> (1) an order declaring that the policy, procedure and official action of Defendants as set forth above violates Section 5 of the Alabama Constitution of 1901, the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 [and/or 1985(3)]; (2) and [sic] order permanently enjoining Defendants and those acting in concert with them from engaging in the unlawful, abusive and discriminatory actions set forth above; and (3) judgment in an amount to be determined, but in no event less than $100,000, together with appropriate

---

[4] Even if Derzis were protected from the official capacity claims at issue, he does not reconcile his argument with the Eleventh Circuit's finding in *Wu v. Thomas*, where the court stated that "[t]he Eleventh Amendment does not...bar suits for *equitable relief* against state officers in their official capacity." *Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989) (emphasis added), citing *Ex Parte Young*, 209 U.S. 123 (1908); *see also Cross v. State of Alabama, et al.*, 49 F.3d 1490, 1503 (11th Cir. 1995), quoting *Lassiter v. Alabama A&M Univ.*, 3 F.3d 1482, 1485 (11th Cir. 1993 ("the Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief.")

6

costs and counsel fees....[5]

Defendants City of Hoover and Derzis argue that the demands for injunctive relief should be dismissed because they are non-specific "obey the law" injunctions that the Eleventh Circuit has held are unenforceable.

> The Federal Rules of Civil Procedure state that, with respect to injunctive relief,
>
> [e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; *shall be specific in terms*; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Fed. R. Civ. P. 65(d) (emphasis added). The Eleventh Circuit analyzed this rule and found that the "specificity requirement is necessary to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order. Thus, an injunction must contain an operative command capable of enforcement." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999) (internal quotations and citations omitted). The court concluded that where the terms of an injunction are as general as the terms of the law upon which the injunction is based, "the injunction does no more than to instruct a defendant to obey the law." *Id*. at 1201. Accordingly, the court held that such an "obey the law" injunction was broad, vague, and incapable of enforcement. *Id*.; *see also Florida Ass'n of Rehabilitation Facilities, Inc., v. State of Florida Dept. of Health & Rehabilitative Svcs.*, 225 F.3d 1208, 1223 (11th Cir. 2000) (preliminary injunction that fails to specifically identify how defendants are to comply with the injunction is an impermissible "obey

---

[5]Amend. Compl., pp. 19-22.

the law" injunction); *Hughey v. JMS Development Corp.*, 78 F.3d 1523, 1431 (11th Cir. 1996) (permanent injunction prohibiting a developer from discharging storm water in violation of the Clean Water Act was an impermissible "obey the law" injunction); *Payne v. Travenol Laboratories, Inc.*, 565 F.2d 895, 898-90 (5th Cir. 1978) (injunction prohibiting Title VII discrimination in general failed to meet the specificity requirements of Rule 65(d)).

The court finds that Defendants' Motion to Dismiss the claims for injunctive relief should be **DENIED** for several reasons. First, the standard for surviving a motion to dismiss is very low, and this case is still in the pleading stage. Consequently, a request to dismiss the claims for injunctive relief is premature. A motion regarding the sufficiency of claims for injunctive relief would be more appropriate once all of the evidence is under submissions. In that context, the court can determine what specific conduct, if any, needs to be enjoined. Second, none of the case law that Defendants rely on applies Rule 65 or the "obey the law injunction" analysis to a motion to dismiss. Rather, the analysis is applied to bench trials, summary judgment, and similar proceedings. Third, because the request for injunctive relief incorporates by reference the allegations preceding the request for relief,[6] Plaintiffs could argue that they adequately specify what conduct should be prohibited. Consequently, Rule 65(d) does not bar the Amended Complaint's request for injunctive relief at this stage.

**III. Punitive damages.**

The City of Hoover argues that, to the extent Plaintiffs seek punitive damages, it is absolutely immune from an award of punitive damages. The court agrees. Plaintiffs expressly

---

[6] Amend. Compl., pp. 19-22 (requesting an order enjoining Defendants "from engaging in the unlawful, abusive, and discriminatory actions *as set forth above*...") (emphasis added).

conceded that they cannot recover punitive damages against Hoover for the §§ 1983 and 1985 claims.[7]  Instead, Plaintiffs argue that they can recover punitive damages under Alabama law.

Plaintiffs' argument fails.  Alabama Code § 6-11-26 (1975) specifically states that "[p]unitive damages may not be awarded against the State of Alabama or any county or *municipality* thereof, or any agency thereof, except any entity covered under the Medical Liability Act now codified as Section 6-5-480 et seq., or any acts amendatory thereto" (emphasis added).  The City of Hoover is properly characterized as a municipal corporation protected by § 6-11-26.  *See* Alabama Code § 11-40-1 (1975) (defining the status, powers, and duties of municipal corporations).  The Medical Liability Act and its amendments do not apply to this case.  Defendants' Motion to Dismiss the claims for punitive damages against the City of Hoover is due to be **GRANTED**.

## CONCLUSION

Defendants' Renewed Motion to Dismiss (doc. 11) is **GRANTED in part** and **DENIED in part**.  Specifically, the Motion is **GRANTED** as to (1) the claims for monetary damages against Chief Derzis in his official capacity in Counts One through Seven; and (2) any claims for punitive damages against the City of Hoover.  Accordingly, those claims are **DISMISSED with prejudice**.  The Motion is **DENIED** as to all other claims.

DONE and ORDERED this 13th day of June, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[7]Resp., p. 8 (referring to 42 U.S.C. §§ 1983 and 1985, "Plaintiff[s] [do] not claim punitive damages against the City of Hoover under those statutes.")